## Succession of Boudreaux.

It is the duty of an administrator to ascertain the nature and extent of the assets of the succession, before he attempts to sell them by an indefinite description of the rights and interest of the succession in lands and debts.   If the succession has no rights, a sale would be a fraud upon the purchasers.   If it has rights, the vagueness of the description would operate an injury to the minors.

APPEAL from the District Court of Lafourche, *Randall*, J.   *E. E. Malhiot*, for appellant.   The judgment of the court was pronounced by

Rost, J.   The plaintiff, as administrator of the succession of *Boudreaux*, caused to be inventoried all the right, title and interest which the succession had or might have in and upon two tracts of land described in the inventory, and all the rights and titles which it had or might have against *Valery Bergeron* for moneys received, &c.

The three items were appraised together at $200 under this loose and general description.   The plaintiff then applied to the court for an order to sell those

rights and claims, and convoked a family meeting to deliberate on the interest <span style="float:right">SUCCESSION OF<br>BOUDREAUX.</span> of the minor heirs in relation thereto. The family meeting advised the sale, on the terms proposed by the administrator; but the district judge refused to approve of their deliberations, and dismissed the proceeding. The administrator has appealed.

We fully concur with our learned brother of the district court, that it is the duty of the administrator to ascertain the nature and extent of the assets of the succession before he attempts to sell them. If it has no rights, the sale would be a fraud upon the purchasers. If it has rights, the vagueness of their description would necessarily operate to the injury of the minors. We doubt whether the members of the family meeting in this case were conscious of the nature of the duty they were required to perform.

Judgment affirmed, with costs.